IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON PETERS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMANTHA NAAKORKOI CORONA, | § | CIVIL ACTION NO. 3:18-cv-01918 |
| EARL WAYNE ALLEN, AND | § | |
| MACY'S, INC., D/B/A MACY'S AND | § | |
| MACY'S RETAIL HOLDINGS, INC., | § | JURY DEMANDED |
|     Defendants. | § | |

**DEFENDANTS ALLEN AND MACY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendants Earl Wayne Allen (Allen) and Macy's Retail Holdings, Inc. (improperly named as "Macy's Inc., d/b/a Macy's and Macy's Retail Holdings, Inc.") (Macy's, and, together with Allen, collectively referred to as "Defendants") in the cause styled "*Sharon Peters v. Samantha Naakorkoi Corona, Earl Wayne Allen, and Macy's, Inc., d/b/a Macy's and Macy's Retail Holdings, Inc.*" originally pending as Cause No. DC-18-01155 in the 162nd Judicial District Court of Dallas County, Texas, file this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.
BASIS FOR REMOVAL**

1.    The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of

citizenship between the proper parties, as discussed further herein, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

## II.
## DIVERSITY JURISDICTION

2. Plaintiff, at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a citizen, resident, and domiciliary of the State of Texas.

3. Macy's Retail Holdings, Inc., at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a corporation formed under the laws of New York, with its principal place of business is in Cincinnati, Ohio. Macy's Retail Holdings, Inc. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

4. Macy's, Inc., at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a corporation formed under the laws of Delaware, with its principal place of business is in Cincinnati, Ohio. Macy's, Inc. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

5. Samantha Naakorkoi Corona ("Corona"), at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a citizen and resident of the State of Texas. However, for the reasons discussed below, Corona is not a proper party to this action and has been improperly and/or

---

[1] *See* 28 U.S.C. § 1332 (2018).

fraudulently joined, and hence her citizenship should not be considered for purposes of removal.

6.     Earl Wayne Allen, at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a citizen and resident of the State of Texas.  However, for the reasons discussed below and stated in Defendants' verified denial on file with the state court, Allen is not a proper party to this action and has been improperly and/or fraudulently joined, and hence his citizenship should not be considered for purposes of removal.

### III.
### IMPROPER/FRAUDULENT JOINDER

7.     Plaintiff named two individuals, Macy' then-Store Manager, Corona, and Macy's Facility Chief, Allen, as defendants.[2]  Although Plaintiff articulate their theories of liability against Macy's, they do not set forth any allegations against Corona and Allen other than acts taken in performance of their duties at Macy's.[3]  Plaintiffs have not pled any facts that would allow Plaintiffs to recover from Corona and Allen in their respective individual capacities, and, in fact, have not alleged that Corona or Allen owed any separate or independent duty of reasonable care to Plaintiffs apart from their employer's duty.

8.     Improper/fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against an employee based on the

---

[2]   *See generally,* Pl's' Orig. Pet., attached hereto as <u>Exhibit 3</u>.

[3]   *Id*. at p. 4, ¶¶ 5.04 – 5.05, pp. 5-6, ¶¶ 8.01 – 9.03.

- 3 -

pleaded facts.[4]  Federal courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[5]

9. In Texas an individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party **_apart from the employer's duty_**.[6]  Therefore, unless Plaintiff can establish that Corona and Allen owed an independent duty of care to Plaintiff, separate and apart from the duties owed by Macy's as their employer, neither Corona nor Allen is a proper party to this case.

10. Case law is replete with opinions finding that store managers and employees do not owe an independent duty of care to patrons who were injured on store property.[7]  Actions by an employee or officer taken in the course and scope of employment,[8] whether active or passive, are actions of the corporation on behalf of the employer.[9]

11. In this case, Plaintiff's only allegations concerning Corona and Allen deal with alleged duties they may have allegedly owed or breached in their capacity as Macy's employees

---

[4] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).

[5] *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[6] *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)).

[7] *See, e.g., Kopczynski v. Wal-Mart Stores Texas, L.P.*, No. H-10-4507, 2011 WL 902237, at *4-7 (S.D. Tex. March 14, 2011) (not designated for publication) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562-63 (Tex. 2005) and *Leitch*, 935 S.W.2d at 117-18); *Gaston v. Wal-Mart Stores Texas, LLC*, No. H-09-4094, 2010 WL 1426876, at *6-8 (S.D. Tex. April 8, 2010) (not designated for publication) (citing same); *Gonzalez v. Wal-Mart Stores*, No. 10-CV-120, 2010 WL 1417748, at *1-3 (W.D. Tex. March 31, 2010) (not designated for publication) (citing same).

[8] Plaintiff expressly alleges that Corona and Allen were acting in the course and scope of their employment. Pl's Orig. Pet., at pp. 5-6, ¶ 9.01.

[9] *Leitch v. Hornsby,* 935 S.W.2d at 118.

and are not distinct from those which Macy's, itself, would allegedly owe.[10]  Therefore, Plaintiff alleges no facts that would support that Corona or Allen owed Plaintiff any duty independent and apart from Macy's duty.[11]

12.     Because there is no possibility that Plaintiff can maintain a cause of action against Corona or Allen based on the pleaded facts, and because there is no allegation to support an independent duty apart from their employer's duty that Corona or Allen owed to Plaintiff, Corona and Allen have been improperly joined in this matter, and their citizenship should be disregarded, resulting in complete diversity existing between the proper parties in this case.

## IV.
## THE AMOUNT IN CONTROVERSY

13.     Plaintiff claims that, on or about May 24, 2017, she was walking down an aisle near the clothing racks when she tripped on a round metal apparatus attached to the carpet, causing her to fall and break her shoulder.  Plaintiff filed suit on June 26, 2018, in the 162nd Judicial District Court of Dallas County, Texas, alleging causes of action against Defendants Macy's, Corona and Allen for negligence and premises liability, as well as asserting two theories of vicarious liability.

---

[10]  *See Id.*; *McKinney v. Home Depot, USA, Inc.*, No. 4:06-cv-327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (not designated for publication) (concluding that a store manager was improperly joined because the plaintiff failed to allege that he owed an independent duty to the plaintiff); *Palmer v. Wal-Mart Stores, Inc.*, 65 F.Supp.2d 564, 567 (S.D. Tex. 1999) (denying plaintiff's motion to remand, and noting that the plaintiff made no allegations that the store manager owed "her any independent duty or duty of reasonable care, apart from that which his employer owed any store patron").

[11]  *Leitch v. Hornsby,* 935 S.W.2d at 118; s*ee also Kopczynski v. Wal-Mart Stores Texas, LP,* 2011 WL 902237, at *4-7 (S.D. Tex. Mar. 14, 2011) (co-employees and managers owed no independent duty to employee despite allegations they personally participated in negligent acts).

14. Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $100,000 but not to exceed $200,000.[12] Specifically, Plaintiff seeks damages for past and future medical expenses, past and future mental anguish, past and future physical pain and suffering, and past and future physical impairment/incapacity.[13]  As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[14]

## V.
## REMOVAL IS TIMELY

15. This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[15] Defendants first became aware this case was removable on or about June 30, 2018, when Allen was served with Plaintiff's Original Petition.  Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendants of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in state court on June 26, 2018.[16]

---

[12] *See* Pl's Orig. Pet., at p. 3, ¶ 4.02.

[13] *Id.*, at p. 6, ¶¶ 10.01 – 10.04.

[14] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[15] 28 U.S.C. § 1446(b).

[16] *See id.*

## VI.
## CONSENT TO REMOVAL

16. All Defendants who have been served in this matter have consented to this removal.[17]

## VII.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VIII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 162nd Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of July 25, 2018);

(2) Filings Related to Plaintiff's Rule 202 Petition:

    a. Petition for Deposition to Investigate Potential Claims (filed January 26, 2018) with Service of Citation;

    b. Deposition Duces Tecum by Written Questions Propounded to the Witness, Designated Corporate Representative for Macy's (filed February 2, 2018);

    c. Notice of Hearing (filed February 2, 2018);

    d. First Amended Petition for Deposition to Investigate Potential Claims (filed March 13, 2018) with Service of Citation;

---

[17] 28 U.S.C. § 1446(b).

  e. Notice of Hearing (filed March 16, 2018);

  f. Amended Notice of Hearing (filed April 10, 2018); and

  g. Second Amended Notice of Hearing (filed April 17, 2018);

(3) Plaintiff's Original Petition (filed June 26, 2018);

(4) Return of Service for Earl Wayne Allen effectuated on June 30, 2018 (filed on July 2, 2018);

(5) Return of Service for Samantha Naakorkoi Corona, effectuated on July 2, 2018 (filed on July 5, 2018);

(6) Return of Service for Macy's Retail Holdings, Inc. effectuated on July 2, 2018 (filed on July 9, 2018);

(7) Plaintiff's Letter to the Court (filed July 11, 2018); and

(8) Appearance of Counsel for Defendant Corona (filed July 17, 2018);

(9) Vacation Letter (filed July 23, 2018);

(10) Defendant's Original Answer (filed July 24, 2018); and

(11) Defendant Earl Wayne Allen's Motion to Dismiss and, Subject Thereto, Earl Wayne Allen And Macy's Original Answer and Verified Denial (filed July 24, 2018).

Also, in compliance with Local Rule 81.1, Defendants have filed the following documents with the Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

/s/ Julia L. Sinor
**Julia L. Sinor**
Attorney-in-charge
State Bar No. 24032540
jsinor@peavlergroup.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlergroup.com
THE PEAVLER GROUP
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on July 26, 2018.

/s/ Julia L. Sinor
Julia L. Sinor