UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1918-B |
| | § | |
| SAMANTHA NAAKORKOI CORONA, | § | |
| EARL WAYNE ALLEN, and MACY'S, | § | |
| INC., d/b/a MACY'S and MACY'S RETAIL | § | |
| HOLDINGS, INC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sharon Peter's Motion to Remand her slip-and-fall case against Defendants. Doc. 6. Plaintiff, a citizen of Texas, argues that the Court lacks diversity jurisdiction because two Defendants—employees Samantha Naakorkoi Corona and Earl Wayne Allen, also of Texas—were not improperly joined. Because the Court finds that Defendants have met their burden to show improper joinder, Plaintiff's Motion to Remand is **DENIED**.

## I.

## BACKGROUND

In this slip-and-fall case, Plaintiff brought suit in state court against Macy's[1]—where she fell—and two Macy's employees. Doc. 1-2, Pl.'s Orig. Pet. It is undisputed that Plaintiff and the two

---

[1]Because the distinction between the corporate Defendants is not relevant to its decision, the Court will refer to both Macy's Inc d/b/a Macy's (citizen of Delaware and Ohio), and Macy's Retail Holdings (citizen of New York and Ohio) as simply Macy's. *See* Doc. 1, Defs.' Notice of Removal, ¶¶ 3–4.

- 1 -

employees are all citizens of Texas for purposes of diversity. *See id.* ¶¶ 3.01–3.03. Plaintiff alleges that one of these employees, Earl Wayne Allen, was "responsible for cleaning, maintaining and/or repairing and servicing 'the round metal apparatus' [on which she allegedly tripped], to the extent that it required cleaning, maintenance and/or repair." *Id.* ¶ 5.04. Plaintiff alleges that Samantha Corona "maintained control" of the area where Plaintiff tripped. *Id.* ¶ 5.05. Plaintiff asserts causes of action in negligence and premises liability. *Id.* ¶¶ 6.01–7.01.

On July 26, 2018, Defendants removed the case, asserting improper joinder of the Texas employees. Doc. 1, Notice of Removal, ¶ 8. On August 24, 2018, Plaintiff filed her Motion to Remand, combined with a request to amend her pleadings. Doc. 6, Mot. to Remand. Specifically, Plaintiff would amend her pleading to add that "Allen created the dangerous condition in question by leaving the round metal apparatus open." *Id.* at 6. As all briefing has now been received, the Court addresses the question of improper joinder.

## II.

## LEGAL STANDARD

The federal removal statute specifies that diversity suits "may not be removed if any of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). "Therefore, where defendants seek removal and non-diverse defendants are present in the case, the defendants must show that complete diversity exists by demonstrating that the plaintiff has improperly joined the non-diverse defendants." *Betancourt v. Electrolux Home Care Prods., Inc.*, 2011 WL 3678649, at *2 (W.D. Tex. Jan. 13, 2011). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

When actual fraud in the pleadings is not at issue, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). A mere theoretical possibility of recovery will not suffice. *Fugitt v. Walmart Stores, Inc.*, 2015 WL 7352194, at *2 (N.D. Tex. Nov. 19, 2015). However, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. The removing defendant "bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574. But a plaintiff may not defeat removal by "amend[ing] the complaint to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995). Removal jurisdiction must be determined on the basis of claims in the state court complaint as it existed at the time of removal. *Id.* at 264.

A court assesses improper joinder either through a "Rule 12(b)(6)-type analysis," or—if "a plaintiff has stated a claim, but misstated or omitted discrete facts"—the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. In conducting its Rule 12(b)(6)-type analysis, the Court accepts as true the plaintiff's well-pleaded allegations of fact but does "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Fugitt*, 2015 WL 7352194, at *2 (quoting *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)) (citing federal case law to interpret the Texas state court pleading standard that applies in an improper joinder analysis).

# III.

# ANALYSIS

Plaintiff asserts two types of causes of action against Defendants—premises liability claims, and negligence. Doc. 1-2, Pl.'s Orig. Pet, ¶¶ 6.00–7.01. However, as Defendants point out, the allegations support only a cause of action in premises liability. *See* Doc. 8, Defs.' Resp., 5–7.

*A. The Pleadings Do Not Support a Reasonable Basis for Recovery in Negligence.*

"In Texas, when an injury arises on a premises, two potential causes of action generally arise against the premises owner and/or occupier—negligent activity and premises liability." *U.S. Dist. Court S. Dist. of Tex. Hous. Div. Charles Plata v. Chipotle Mexican Grill, Inc.*, 2016 WL 126420, at *1 (S.D. Tex. Jan. 12, 2016). "Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct: '[N]egligent activity encompasses a malfeasance theory based on affirmative contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). "Distinguishing between these two causes of action can be tricky: 'The lines between negligent activity and premises liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity.'" *Id.* (quoting *Del Lago*, 307 S.W.3d at 776).

But it is clear that when an alleged injury is caused by a condition created by some activity rather than by the activity itself, a plaintiff is limited to a premises defect theory of liability. *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012) (citing *Lucas v. Titus Cty. Hosp. Dist./Titus Cty. Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, no pet.)); *see also*

*Austin*, 746 F.3d at 197 (concluding that a plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury") (emphasis in original).

Here, nowhere in Plaintiff's Petition does Plaintiff allege that her injuries were caused by anything approaching "affirmative contemporaneous conduct"—instead Plaintiff's injuries were allegedly caused by a condition that Defendants created. *See* Doc. 1-2, Pl.'s Orig. Pet., ¶¶ 6.00–6.02 (grounding the negligence claim in a "dangerous condition," without alleging a contemporaneous act). As such, there is no reasonable basis for this Court to conclude that Plaintiff could recover under a negligence theory.

*B. The Allegations are Insufficient to Support a Conclusion that Plaintiff has a Reasonable Basis for Recovery Against the Two Employees Under a Theory of Premises Liability.*

In a premises liability case, "'individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.'" *Fugitt*, 2015 WL 7352194, *3 (quoting *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005)). In other words, "liability can not be imposed on employees where the employer and the employees committed the identical negligent acts or omissions." *In re Butt*, 495 S.W.3d 455, 467 (Tex. App.—Corpus Christi 2016, no pet.). For example, an employee may be personally liable for his own fraudulent or tortious acts, such as creation of the danger. *Fugitt*, 2015 WL 7352194, at *4. But a plaintiff still must allege sufficient facts to survive the 12(b)(6)-type analysis of improper joinder.

In *Fugitt*, this Court denied a motion to remand when plaintiffs alleged a premises-liability claim against Walmart and its nondiverse employee but failed to allege that the employee had a duty independent of the employer's duty. *Id.* at *3–4. The Court noted that:

> Plaintiffs have not alleged that [the employee] personally created the dangerous condition, and nothing in the Original Petition establishes that [the employee] owed

> them an independent duty. The only allegations relating to [the employee] are assertions made against all defendants, such as "Defendants owned and controlled the premises and/or managed and operated the store where [Plaintiff] was injured," "Defendants failed to reduce or eliminate the unreasonably dangerous condition," and "Defendants failed to exercise ordinary care to make the condition reasonably safe or to adequately warn Plaintiff of the unreasonably dangerous conditions."

*Id.* at *4. The Court found that "such undifferentiated allegations" were insufficient to support a finding that the employee individually owed the plaintiffs a duty of care, and therefore that the employee had been improperly joined. *Id.*

Another case addressed by both parties also shows that remand is proper when a plaintiff specifically alleges that an employee had an independent duty—and is not proper when the allegations are identical as to both employer and employee. *See In re Butt*, 495 S.W.3d at 467 ("undifferentiated allegations" in a premises-liability claim were "insufficient to support a conclusion that [the employees] individually owed the [plaintiffs] an independent duty of care either by virtue of their positions . . . or as a result of their own actions"). Even *Betancourt*, a nonpremises-liability case relied upon by Plaintiff, follows the same rule. 2011 WL 3678649, at *4. There, the plaintiff had included specific allegations against the nondiverse employee—that the employee undertook specific actions that resulted in the plaintiff's injury. *Id.* at *4 n.3. Therefore the court found that the plaintiff had alleged a colorable claim against the employee, and that remand was proper. *Id.* at 5.

Here, Plaintiff has made predominately undifferentiated allegations. As an initial matter, Plaintiff's pleadings are unclear as to whether "Defendants" refers to just Macy's, or Macy's and its employees. *Compare* Doc. 1-2, Pl.'s Orig. Pet, 1 (listing all four defendants as "Defendants") *with id.* ¶ 6.02 (listing "Defendants, their employees (including but not limited to, Defendants Samantha Naakorkoi Corona and Earl Wayne Allen)"). But even if the Court assumes that when "Defendants"

is used in the pleadings, both Macy's and its employees is intended, those allegations necessarily fall short under *Fugitt* and *In re Butt* because they fail to differentiate between Macy's and the employees.

The only allegations specifically made against the employees are as follows. First, Plaintiff alleges that "at the time of the incident, facilities Chief Wayne Allen [was] responsible for cleaning, maintaining and/or repairing and servicing 'the round metal apparatus' at issue." Doc. 1-2, Pl.'s Orig. Pet., ¶ 5.04. Second, Plaintiff alleges that Samantha Corona "maintained control" of the area where Plaintiff tripped. *Id.* ¶ 5.05. Third, Plaintiff alleges that the "employees negligently failed to inspect the surroundings for any and all dangerous items on the department floors; and [t]he employees failed to cover the metal apparatus in question." *Id.* ¶ 8.02. None of these statements would lead the Court to believe that Allen or Corona had an independent duty apart from that of Macy's that arose through tortious or fraudulent activity, nor that they created the condition in question. *See Fugitt*, 2015 WL 7352194, at *4.

And *Cavallini* prohibits the Court from considering Plaintiff's proposed amendment submitted with her Motion to Remand that "Allen created the dangerous condition in question by leaving the round metal apparatus open." *Cavallini*, 44 F.3d at 264–65 (plaintiff may not defeat removal by "amend[ing] the complaint to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction"—instead, removal jurisdiction must be determined on the basis of claims in the state court complaint as it existed at the time of removal). In addition, no evidence attached to Plaintiff's Motion provides support for this allegation. While it may seem harsh to not consider the proposed amendment, the rationale for the rule in *Cavallini* is well-grounded, and this Court sees no basis for a contrary holding. *See id.* at 264 n.16 (highlighting Congress' intent that removal-related jurisdictional issues be swiftly resolved, and with finality).

Therefore, there is no reasonable basis to predict that Plaintiff may recover against Allen individually. And with even fewer facts alleged against Corona, there is no reasonable basis to conclude that Plaintiff could recover against her either. Therefore, Defendants have met their burden to show improper joinder of the two nondiverse defendants, Allen and Corona. Thus, jurisdiction in this Court is proper as complete diversity exists between Macy's and Plaintiff.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand (Doc. 6). All other relief not specifically granted is **DENIED**.

**SO ORDERED.**

**SIGNED November 16, 2018**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE